UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PASSION STEWART,

    Plaintiff,

  v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

Civil Action No. 21-2478 (CKK)

**MEMORANDUM OPINION AND ORDER**
(August 3, 2022)

Plaintiff Passion Stewart ("Stewart"), proceeding *pro se*, alleges that Defendant Federal Express Corporation ("FedEx") has mishandled packages delivered to her address in Washington, DC. After removing the action from the Superior Court of the District of Columbia, FedEx has moved to dismiss Stewart's complaint for failure to state a claim. To the extent that Stewart meant to advance a state-law claim, any such claim is preempted by federal statute, the "Carmack Amendment" to the Interstate Commerce Act, 49 U.S.C. § 14706(a)(1). Furthermore, even construing Stewart's complaint liberally, she has not shown she has standing to maintain an Interstate Commerce Act claim. Accordingly, and upon consideration of the pleadings,[1] the relevant legal authority, and the entire record, the Court shall **GRANT** FedEx's [8] Motion to Dismiss and **DISMISS WITHOUT PREJUDICE** Plaintiff's [6] amended Complaint. However, because it appears possible that a more definite complaint would establish

---

[1] This Memorandum Opinion and Order focuses on the following documents:
- Plaintiff's Complaint, ECF No. 1-2 ("Compl.");
- Plaintiff's amended Complaint, ECF No. 6 ("Am. Compl.");
- Defendant's Memorandum of Law in Support of Motion to Dismiss ("Mot.");
- Plaintiff's Opposition, ECF No. 11 ("Opp.");

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

standing to proceed, the Court will afford Plaintiff an opportunity to file a second amended complaint.

I.       **BACKGROUND**

Plaintiff filed her first complaint in the Superior Court of the District of Columbia. ECF No. 1-2 at 2. The complaint alleges that Stewart has submitted "multiple claims with Fedex due to their carriers leaving [her] packages in open spaces which results in the packages being stolen." *Id.* Plaintiff states that she and her neighbors have given FedEx specific instructions as to delivery but that FedEx has improperly delivered her packages, resulting in pecuniary loss of $100,000. *Id.* FedEx removed pursuant to 28 U.S.C. § 1441(b). Shortly after removal, Plaintiff filed a second "Complaint," which the Court construes as an amended complaint. Am. Compl., ECF No. 6. Plaintiff realleges that FedEx has mishandled her packages. *Id.* Plaintiff "request[s] the max of $75,000 for the negligence of [FedEx's] drivers, ignoring all signs posted in my building [regarding package delivery], and lying on my leasing officer when they know for a fact they can deliver packages to our door." *Id.*

FedEx maintains that this complaint fails to state a claim for two reasons. First, FedEx argues, rather perfunctorily, that "Plaintiff does not allege any facts that entitle her to recovery" because "she does not specify for which packages she seeks redress." Mot. at 4. FedEx does not cite any authority for such a proposition and does not explain why, in FedEx's view, Plaintiff's allegations are "[un]tethered to any legal basis for recovery." *Id.* Second, FedEx reads Plaintiff's complaint to advance, exclusively, a state-law negligence claim. *Id.* at 5. FedEx notes that federal law preempts state-law claims against common carriers such as FedEx. *Id.* (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913)). Plaintiff has filed a short

2

opposition essentially restating her factual allegations. Opp. at 1-2. Defendant has not filed a reply. The Motion is now ripe for resolution.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient *factual* allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *See In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

## III. DISCUSSION

Most shopping happens online nowadays. When a consumer wants to purchase a particular good, they visit, for example, Amazon.com. After purchase, Amazon contracts with a package carrier, FedEx, for example, to deliver the purchased goods from Amazon to the buyer.

FedEx then issues the seller (e.g., Amazon) a receipt, sometimes called a "bill of lading," reflecting the goods to be shipped to Amazon's buyer.  Under federal law, whoever holds rights under that receipt, and only that person, can sue the carrier (FedEx) for misdelivered or undelivered parcels.  49 U.S.C. § 14706(a)(1); *see also, e.g.*, *Coughlin v. United Van Lines, LLC*, 362 F. Supp. 2d 1166, 1167-68 (C.D. Cal. 2005).  That law, often called the Carmack Amendment to the Interstate Commerce Act, goes even further to preempt all state-law claims against a package carrier.  *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913); *see generally* 14 Am. Jur. 2d Carriers § 503 (West 2022) (collecting cases).  As such, the only remedy against a package carrier for misdelivered or undelivered goods arises under the Interstate Commerce Act.  *See Worldwide Moving & Storage, Inc. v. District of Columbia*, 445 F.3d 422, 426 (D.C. Cir. 2006).  Accordingly, to the extent the complaint alleges state-law claims, they are dismissed as preempted.

    FedEx goes further, however, arguing that the entire complaint must be dismissed because Plaintiff has not pleaded a Carmack Amendment claim.  That misapprehends both Plaintiff's complaint and the law of *pro se* pleading.

    As a threshold matter, Plaintiff's *pro se* complaint must be "'liberally construed'" and held to "'less stringent standards than formal pleadings drafted by lawyers.'"  *Williams v. Bank of N.Y. Mellon*, 169 F. Supp. 3d 119, 123-24 (D.D.C. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "Construing a document liberally means, at a minimum, that a plaintiff need not use 'magic words' or legal jargon."  *Walker v. Spirit Aerosystems, Inc.*, 276 F. Supp. 3d 1224, 1230 (N.D. Okla. 2017).  Where, after drawing all factual inferences in the *pro se* plaintiff's favor, *some* legitimate claim for relief lies, the court may not grant a motion to dismiss for failure to state a claim.  *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1059 (D.C. Cir. 1998)

("Even if [a plaintiff] might lose on the merits, . . . the district court should [] permit[] [a] claim, drafted *pro se* and based on legitimate factual allegations[] to proceed."); *Williams*, 169 F. Supp. 3d at 124.

In support of Defendant's argument that the complaint states only state-law claims, Defendant notes that Stewart uses the term "negligence" in the operative complaint and does not say the very specific words "Carmack Amendment." *See* Mot. at 5. As a *pro se* litigant, the Court cannot find that Plaintiff has failed to allege a particular claim by omitting certain "magic words." *Walker*, 276 F. Supp. 3d at 1230. Nor is the use of the word "negligence" obviously and exclusively indicative of a state-law claim. As the Supreme Court has explained, the Carmack Amendment serves the purpose of "reliev[ing] [sellers] of the burden of searching out a particular *negligent* carrier from among numerous carriers handling an interstate shipment." *See Reider v. Thompson*, 339 U.S. 113, 119 (1950) (emphasis added). Put differently, a plaintiff states an Interstate Commerce Act claim by "establish[ing] a *prima facie* case of *negligence*." *Distribuidora Mari Jose, S.A. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (emphasis added). A *prima facie* case under the Interstate Commerce Act requires a showing of injury to goods, collected by the carrier in good condition, that caused identifiable, economic loss. *See id.* Because the operative complaint states as much, the Court construes it to advance an Interstate Commerce Act claim.

Next, FedEx argues that Stewart cannot maintain an action under the Interstate Commerce Act because she is not a "shipper," i.e., the seller who gave Stewart's purchase to FedEx for shipment. Mot. at 6. Because most plaintiffs in actions such as these are literally, per 49 U.S.C. § 11706(a)(1), the "person[s] entitled to recover under the receipt or bill of lading," FedEx is correct that Plaintiff may (or may not) fall within the ambit of those cases. It remains

5

unclear, for instance, from Plaintiff's pleadings whether she shipped goods to herself via FedEx or whether she purchased goods from a seller who entrusted those goods to FedEx for shipment. Yet it is not only shippers (i.e., sellers) who have standing to enforce the terms of a receipt or a bill of lading.  "Cases interpreting the [Interstate Commerce] Act have confined the right to sue [not just] to shippers or consignors[] or holdings of the bill of lading issued by the carrier, [but also] persons beneficially interested in the shipment although not in possession of the actual bill of lading[] or assignees thereof." *Harrah v. Minn. Min. and Mfg. Co.*, 809 F. Supp. 313, 318 (D.N.J. 1992) (citations omitted) (collecting cases).  This final category includes consignees, i.e., those "'to whom the carrier may lawfully make delivery in accordance with the contract of carriage.'" *Id.* (quoting *Consignee*, Black's Law Dictionary (4th ed. 1968)).  As such, it remains entirely possible that Stewart *can* maintain an action under the Interstate Commerce Act.

The complaint fails, however, not for failure to state a claim, but for lack of definiteness pursuant to Federal Rule of Civil Procedure 8(a).  The operative complaint does not identify *which* packages were purportedly mishandled, who sent the packages to Plaintiff, whether there is a receipt or bill of lading associated with the allegedly offending packages, and Plaintiff's relationship to the sender of the packages.  As such, the operative complaint does not give FedEx sufficiently "fair notice of the basis for [Plaintiff's] claims." *See Charles v. United States*, Civ. A. No. 21-064, 2022 WL 1045293, at *3 (D.D.C. Apr. 7, 2022) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).  Because the complaint does not plead facts that, taken as true, would definitely endow Plaintiff with standing to advance an Interstate Commerce Act claim, the Court must dismiss Plaintiff's operative complaint. *See Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003).  Nevertheless, as it appears possible that Plaintiff *does* have standing to

proceed, the Court shall exercise its discretion to afford Plaintiff an opportunity to file a second amended complaint. *See Ciralsky v. CIA*, 355 F.3d 661, 674 (D.C. Cir. 2004).

### IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [8] Motion to Dismiss is **GRANTED**. It is further

**ORDERED**, that Plaintiff's [6] amended Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED**, that Plaintiff shall file a second amended complaint on or before **September 7, 2022**. If no complaint is filed by that date, this case shall be dismissed.

Dated: August 3, 2022

                                                  /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge