## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PASSION STEWART,<br>            Plaintiff,<br><br>      v.<br><br>FEDERAL EXPRESS CORPORATION<br>            Defendant. | Civil Action No. 21-2478 (CKK) |

### MEMORANDUM OPINION
(July 5, 2023)

Plaintiff Passion Stewart ("Stewart"), proceeding *pro se*, alleges that Defendant Federal Express Corporation ("FedEx") negligently handled packages delivered to her address in Washington, DC.  On August 3, 2022, this Court granted FedEx's [8] Motion to Dismiss and dismissed without prejudice Plaintiff's [6] Amended Complaint, noting that Plaintiff's complaint failed for a lack of definiteness pursuant to Federal Rule of Civil Procedure 8(a).  However, the Court afforded Plaintiff the opportunity to file a second amended complaint because it appeared possible that Plaintiff had standing to proceed.  In Plaintiff's [16] Second Amended Complaint, she provides specific tracking numbers for the allegedly mishandled packages.  Because Plaintiff has now provided adequate notice to Defendant as to the basis of her claims, and upon considering of the pleadings,[1] the relevant legal authority, and the entire record, the Court shall **DENY** Defendant's [17] Motion to Dismiss.

---

[1] This Memorandum Opinion focuses on the following documents:
- Plaintiff's Complaint, ECF No. 1-2 ("Compl.");
- Plaintiff's Amended Complaint, ECF No. 6 ("Am. Compl.");
- Defendant's Memorandum of Law in Support of Motion to Dismiss, ECF 8-3 ("Mot.");
- Plaintiff's Opposition, ECF No. 11 ("Opp'n");
- Memorandum Opinion and Order, ECF 13 ("Op. and Order");
- Plaintiff's Second Amended Complaint, ECF 16 ("2d Am. Compl.");
- Defendant's Second Motion to Dismiss, ECF 17 ("2d Mot.");
- Plaintiff's Second Opposition, ECF 19 ("2d Opp'n");

## I.     BACKGROUND

On August 2, 2021, Plaintiff filed her first complaint in the Superior Court of the District of Columbia alleging that Stewart had submitted "multiple claims with Fedex due to their carriers leaving [her] packages in open spaces which results in the packages being stolen."  No. 1-2 at 2.  Plaintiff stated that she and her neighbors had given FedEx specific instructions as to delivery but that FedEx had improperly delivered her packages, resulting in a pecuniary loss of $100,000.  *Id.*  Shortly after Defendant removed the case, Plaintiff filed a second "Complaint," which the Court construed as an amended complaint.  Am. Compl. at 1.  On August 3, 2022, the Court issued a Memorandum Opinion and Order granting FedEx's Motion to Dismiss and dismissing without prejudice Plaintiff's Amended Complaint.  Op. and Order at 7.  Although Plaintiff's complaint stated a claim, it nevertheless provided Defendant insufficient notice of which packages underlaid her claim.  Because this error was relatively minor, and in light of Plaintiff's *pro se* status, the Court afforded Plaintiff the opportunity to file a second amended complaint on or before September 7, 2022.  *Id.* at 7.

However, Plaintiff failed to file a second amended complaint prior to the deadline, and on September 21, 2022, this Court entered an [14] Order dismissing the case.  On November 17, 2022, Plaintiff made a [15] Motion for Leave to File, as the Court's Order had not been forwarded to Plaintiff's new address until October 30, 2022.  On November 18, 2022, this Court issued an [15] Order granting that motion.

Plaintiff's [16] Second Amended Complaint includes copies of email correspondence between Plaintiff and Defendant, which list tracking numbers for purportedly mishandled

---

- Defendant's Reply in Support of its Motion to Dismiss, ECF 20 ("Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

packages.  *See* 2d Am. Compl. at 2-4.  Plaintiff also alleges that despite moving to a new

building with a concierge package box, FedEx delivery drivers continue to mishandle her

packages by placing them on the floor instead of in the secure box.  *Id.* at 1, 8.  In Defendant's

[17] Motion to Dismiss, Defendant argues that Plaintiff failed to sufficiently plead facts to

establish that she is entitled to relief.  As such, Defendant asks the Court to dismiss Plaintiff's

Second Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and, despite the

Court having already settled the issue in Plaintiff's favor, 12(b)(6).  *See* 2d. Mot. to Dismiss at 1,

5.

## II.      LEGAL STANDARD

### A. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed.

R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

at 557).  Rather, a complaint must contain sufficient *factual* allegations that, if true, "state a

claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In

evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe

the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *See In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994) (TFH).

## B. Rule 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (JJS). It also assists the Court in determining whether it has jurisdiction over the subject matter.

## III.   DISCUSSION

As a threshold matter, Plaintiff's *pro se* complaint must be "'liberally construed'" and held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Williams v. Bank of N.Y. Mellon*, 169 F. Supp. 3d 119, 123-24 (D.D.C. 2016) (RBW) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Construing a document liberally means, at a minimum, that a plaintiff need not use 'magic words' or legal jargon." *Walker v. Spirit Aerosystems, Inc.*, 276 F. Supp. 3d 1224, 1230 (N.D. Okla. 2017). Where, after drawing all factual inferences in the *pro se* plaintiff's favor, *some* legitimate claim for relief lies, the court may not grant a motion to dismiss for failure to state a claim. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1059 (D.C. Cir. 1998) ("Even if [a plaintiff] might lose on the merits, . . . the district court should [] permit[] [a] claim,

drafted *pro se* and based on legitimate factual allegations[] to proceed.");   *Williams*, 169 F. Supp. 3d at 124.  Further, when determining the sufficiency of a *pro se* plaintiff's claim, the Court may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged."  *See Wade v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 9 (D.D.C. 2007) (quoting *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 1998)) (internal quotations marks omitted).

Although Plaintiff's first amended complaint advanced an Interstate Commerce Act claim, it failed for a lack of definiteness pursuant to Federal Rule of Civil Procedure 8(a) because it did not specify which packages were purportedly mishandled, who sent the packages to Plaintiff, whether there was a receipt or bill of lading associated with the packages, or Plaintiff's relationship to the sender of the packages. Op. and Order at 6. In her second amended complaint, however, Plaintiff notes with more specificity the packages Defendant purportedly mishandled, attaching copies of emails between herself and Defendant that list package tracking numbers. *See* 2d Am. Compl. at 2-4.  Critically, Plaintiff alleges that she was the intended recipient of these particular packages, and that Defendant's handling of those packages caused her economic loss. *E.g.*, *id.* at 3 ("FedEx le[ft] *my* package with [a particular] tracking number . . . at the front door [contrary to delivery instructions] and [it] was stolen").  Plaintiff also alleges that despite moving to a new building with a concierge package box, FedEx delivery drivers continue to mishandle her packages by placing them on the floor instead of in the secure box, contrary to instructions and notice that such a delivery method would result in injury (i.e., theft) to the goods.  *Id.* at 1, 8.

As was the case with Plaintiff's first amended complaint, the Court construes her second amended complaint to advance an Interstate Commerce Act claim.  A *prima facie* case under the Interstate Commerce Act requires a showing of injury to goods, collected by the carrier in good

condition, that caused identifiable, economic loss to the consignee of the goods. *See Distribuidora Mari Jose, S.A. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). Because the second amended complaint meets these requirements, despite not including the specific words "Carmack Amendment" or "Interstate Commerce Act," Plaintiff has sufficiently stated a claim.

Further, Plaintiff has cured the lack of definiteness in her first amended complaint by including specific tracking numbers of allegedly mishandled packages. Compl. at 1, 8. The tracking numbers provide Defendant with the necessary details to ascertain who delivered the packages in question, their contents, and other information relevant to Plaintiff's claim under the Interstate Commerce Act. As such, the operative complaint gives FedEx sufficiently "fair notice of the basis for [Plaintiff's] claims." *See Charles v. United States*, Civ. A. No. 21-0864, 2022 WL 1045293, at *3 (D.D.C. Apr. 7, 2022) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

To be clear, Plaintiff has cleared a fairly low bar. She has identified particular packages of which she was the beneficial owner and recipient. She has further alleged that Defendant negligently handled those particular packages, resulting in pecuniary loss. No more is required to state a claim for the Interstate Commerce Act. *See Harrah v. Minn. Min. and Mfg. Co.*, 809 F. Supp. 313, 318 (D.N.J. 1992). It may be the case that, after discovery, it becomes clear that Defendant does not hold the rights to recover for negligent handling of the packages at issue. Yet Defendant now has sufficient notice to investigate, through discovery, whether Plaintiff is correct that she has standing to advance the Interstate Commerce Act claim before the Court.

#

#

## IV.    CONCLUSION

For the foregoing reasons, Defendant's [17] Motion to Dismiss is **DENIED**.  An appropriate order accompanies this memorandum opinion.

Dated: July 5, 2023

                                           /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge